UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK REMBISZ,

    Plaintiff,

Case No. 13-12757

Honorable John Corbett O'Meara

v.

JACOB J. LEW, SECRETARY, DEPARTMENT
OF THE TREASURY,

    Defendant.
    _____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter came before the court on defendant Jacob J. Lew's August 26, 2013 motion to dismiss. Plaintiff Frank Rembisz filed a response September 11, 2013; and defendant filed a reply September 23, 2013. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

Plaintiff Frank Rembisz, a criminal investigator employed by the Internal Revenue Service, filed this employment discrimination case June 21, 2013. The right to bring an action for discrimination under Title VII is predicated upon exhaustion of administrative requirements and time limitations. 42 U.S.C. § 20003-16©; <u>Dixon v. Ashcroft</u>, 392 F.3d 212, 217 (6th Cir. 2004). One of these limitations is that an employee of a federal agency must file a civil action for discrimination in federal district court "[w]ithin 90 days of receipt of notice of final action taken by an . . . agency . . . ." 42 U.S.C. § 2000e-16©. Pursuant to 29 C.F.R. § 1614.605(d), "When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney."

In this case the Final Agency Decision ("FAD") was served by both regular first-class mail and by certified mail to both plaintiff and his representative on March 15, 2013. They are deemed to have received the FAD by regular mail within five days after mailing. See <u>Graham-Humphries v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552 (6th Cir. 2000). Therefore, in this case both Plaintiff and his representative are deemed to have received the FAD on March 20, 2013. Applying the statutory, 90-day rule, Plaintiff had until June 18 to file his complaint. Since it was not filed until June 21, the complaint is untimely.

Courts have strictly enforced the 90-day time limit, even if it was missed by only one day. See <u>Johnson v. Al Tech Specialties Steel Corp.</u>, 731 F.2d 143, 146 (2d Cir. 1984); <u>Hughes v. Elmira College</u>, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008). In this case there is no indication by Plaintiff's counsel that she did not receive the FAD that was served by first-class mail, and there was no return of that mail to the defendant. Therefore, the court must dismiss the complaint as untimely.

## ORDER

It is hereby **ORDERED** that defendant Jacob J. Lew's August 26, 2013 motion to dismiss is **GRANTED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: January 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 16, 2014, using the ECF system.

                                                s/William Barkholz
                                                Case Manager