UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK REMBISZ,

       Plaintiff,

v.

JACOB J. LEW, SECRETARY, DEPARTMENT
OF THE TREASURY,

       Defendant.

_____/

Case No. 13-12757

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Jacob J. Lew's March 19, 2015 motion for summary judgment. Plaintiff Frank Rembisz filed a response April 30, 2015; and defendant filed a reply May 14, 2015. Oral argument was heard September 10, 2015.

Plaintiff Frank Rembisz, a criminal investigator employed by the Internal Revenue Service, filed this employment discrimination case June 21, 2013. The court granted defendant Lew's motion to dismiss the complaint as untimely January 16, 2014; and Plaintiff appealed. The United States Court of Appeals for the Sixth Circuit vacated the order of dismissal and remanded the case to this court. Defendant Lew subsequently filed this motion for summary judgment.

The right to bring an action for discrimination under Title VII is predicated upon exhaustion of administrative requirements and time limitations. 42 U.S.C. § 2000e-16(c); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004). One of these limitations is that an employee of a federal agency must file a civil action for discrimination in federal district court "[w]ithin 90 days of receipt of notice of final action taken by an . . . agency . . . ." 42 U.S.C. § 2000e-16(c). Failure to file a civil

action in a timely fashion is grounds for dismissal. <u>Gibson v. Shelly Co.</u>, 314 Fed. Appx. 760, 767 (6th Cir. 2008).

In this case the Final Agency Decision ("FAD") was sent by both regular first-class mail and by certified mail to both Plaintiff and Plaintiff's counsel on March 15, 2013. The 90-day clock begins to run on the date of receipt of the FAD by either the complainant or his or her counsel, whichever is earlier. <u>Rea v. Middendorf</u>, 587 F.2d 4 (6th Cir. 1978); <u>Harris v. Bodman</u>, 538 F. Supp. 2d 78, 80 (D.D.C.), <u>aff'd</u>, 2008 WL 5532102 (D.C. Cir.), <u>reh'g <em>en banc</em> denied</u>, (Dec. 12, 2008).

Plaintiff's counsel received the certified mailing March 25, 2013. Def.'s Ex. 5. Plaintiff Rembisz, however, received the certified mailing three days earlier, on March 22, 2013. Def.'s Ex. 4. It was Plaintiff's earlier receipt that started the 90-day clock, which ended June 20, 2013. The complaint was filed June 21, 2013, one day late.

Courts have strictly enforced the 90-day time limit, even if it was missed by just one day. <u>Hughes v. Elmira Coll.</u>, 584 F. Supp. 2d 588, 589 (W.D. N.Y. 2008); <u>Johnson v. Al Tech Specialties Steel Corp.</u>, 731 F.2d 143, 146 (2d Cir. 1984). Likewise, this court must enforce the 90-day time limit; and Defendant is entitled to summary judgment.

### <u>ORDER</u>

It is hereby **ORDERED** that defendant Jacob J. Lew's March 19, 2015 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  September 15, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 15, 2015, using the ECF system.


s/William Barkholz
Case Manager